Aditya Dynar
(Arizona Bar No. 031583)
**New Civil Liberties Alliance**
1225 19th St. NW Suite 450
Washington, DC 20036
(202) 869-5210
Adi.Dynar@NCLA.legal
*Attorney for Amicus Curiae*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Axon Enterprise, Inc., | No. 2:20-cv-00014-PHX-DWL |
| *Plaintiff* | (Assigned to Hon. Dominic W. Lanza) |
| v. | |
| Federal Trade Commission, et al., | |
| *Defendants* | |

**UNOPPOSED MOTION
OF THE NEW CIVIL LIBERTIES ALLIANCE
FOR LEAVE TO FILE A BRIEF AMICUS CURIAE
IN SUPPORT OF PLAINTIFF**

The New Civil Liberties Alliance (NCLA) respectfully requests that the Court grant it leave to participate as *amicus curiae* and file a brief in support of the Plaintiff. NCLA's proposed amicus brief is submitted along with this motion. NCLA files this motion and the proposed brief pursuant to Federal Rule of Civil Procedure 7 and Local Rule 7.2.

### POSITION OF THE PARTIES ON THIS MOTION

NCLA sought consent in writing from all parties in this case. All parties **consent** to NCLA participating as *amicus curiae*.

### MEMORANDUM OF POINTS AND AUTHORITIES

This Court has wide discretion to grant *amici curiae* leave to file a brief. *See Council for Endangered Species Act Reliability v. Jackson*, No. 10-cv-8254-SMM, 2011 WL 5882192, at *6 (D. Ariz. Nov. 23, 2011); *Ctr. for Biological Diversity v. U.S. Bureau of Land Mgmt.*, No. 09-cv-8011-PCT-PGR, 2010 WL 1452863, at *2 (D. Ariz. Apr. 12, 2010) (granting amicus curiae status where "it is possible that [amicus] will shed light on matters … in a way that will aid the Court in resolving the pending matters"); *United States ex rel. Gudur v. Deloitte Consulting LLP*, 512 F. Supp. 2d 920, 927 (S.D. Tex. 2007) ("The extent to which the court permits or denies amicus briefing lies solely within the court's discretion."). This Court has permitted such participation on numerous occasions. *See, e.g.*, *Harris v. Ariz. Independent Redistricting Commission*, No. 12-cv-0894-PHX-ROS-NVW-RRC, 2012 WL 5835336 (D. Ariz. Nov. 16, 2012); *Wilderness Watch v. U.S. Fish & Wildlife Serv.*, No. 07-cv-1185-PHX-MHM, 2008 WL 4183040 (D. Ariz. Sep. 8, 2008); *Southwest Ctr. for Biological Diversity v. Babbitt*, 926 F. Supp. 920 (D. Ariz. 1996). NCLA's motion should, therefore, be granted.

### INTEREST OF THE AMICUS CURIAE

NCLA is a nonprofit, nonpartisan civil rights organization and public-interest law firm devoted to defending constitutional freedoms against systemic threats, including attacks by

state and federal administrative agencies, on due process, jury rights, and freedom of speech. NCLA also opposes judicial abdication of courts' independent judgment through conventions of deference, avoidance, and other impediments to the application and development of constitutional law. We uphold these constitutional rights on behalf of all Americans, of all backgrounds and beliefs, and we do this through original litigation, *amicus curiae* briefs, and other advocacy.

The "new civil liberties" of the organization's name include rights at least as old as the United States Constitution itself, such as the due process of law, jury trial, the right to be tried in front of an impartial and independent judge, and the right to live under laws made by the nation's elected lawmakers through constitutionally prescribed channels (*i.e.*, the right to self-government). Yet these selfsame rights are also very contemporary—and in dire need of renewed vindication—precisely because Congress, administrative agencies, the States and even sometimes the courts have neglected them for so long.

The NCLA aims to defend civil liberties primarily by asserting constitutional constraints on the administrative state. Although Americans still enjoy the shell of their Republic, there has developed within it a very different sort of government—a type, in fact, that the Constitution was designed to prevent. This unconstitutional administrative state within the Constitution's United States is the focus of NCLA's concern. NCLA is particularly disturbed by the Tentative Ruling issued by the Court concluding that federal courts do not have jurisdiction to evaluate a facial challenge brought under the U.S. Constitution. While Count III of the Complaint asks the Court to take jurisdiction of the antitrust matters, *amicus* addresses solely the constitutional claims over which the Court has undoubted jurisdiction.

This case is of utmost importance to the issue of unconstitutional administrative law actions and the issues have been well joined by the Plaintiffs and expressed by the District Court, and NCLA has an interest in informing the Court of certain issues and circumstances that may warrant retention of jurisdiction in this matter.

## CONCLUSION

NCLA should be permitted to participate as *amicus curiae* in this case and it should be permitted to file the proposed amicus brief.

Respectfully submitted, on March 27, 2020.

/s/ Aditya Dynar
Aditya Dynar
(Arizona Bar No. 031583)
**New Civil Liberties Alliance**
1225 19th St. NW Suite 450
Washington, DC 20036
(202) 869-5210
Adi.Dynar@NCLA.legal
*Attorney for Amicus Curiae*

**CERTIFICATE OF SERVICE**

    I hereby certify that on March 27, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and distribution to all registered participants of the CM/ECF System. Attorneys for all parties are registered users of the CM/ECF System in the District of Arizona.

                                              /s/ Aditya Dynar
                                              Aditya Dynar
                                              **New Civil Liberties Alliance**
                                              *Attorney for Amicus Curiae*