IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Axon Enterprise Incorporated,<br><br>  Plaintiff,<br><br>v.<br><br>Federal Trade Commission, et al.,<br><br>  Defendants. | No. CV-20-00014-PHX-DWL<br><br>**ORDER** |

On January 3, 2020, Axon filed this lawsuit, which seeks, *inter alia*, a declaration that the FTC's structure is unlawful, that the FTC's administrative procedures are unlawful, and that Axon's acquisition of Vievu was lawful. (Doc. 1 at 28.)  That same day, the FTC filed an administrative complaint challenging Axon's acquisition of Vievu. (Doc. 15 at 2 n.1.)

On January 9, 2020, Axon filed a motion for a preliminary injunction, seeking to "preliminarily enjoin the FTC's administrative hearing pending resolution of its constitutional claims." (Doc. 15 at 17.)

On January 23, 2020, the FTC filed an opposition to Axon's motion. (Doc. 19.) The FTC did not address the merits of Axon's constitutional claims and focused on whether the Court possesses subject-matter jurisdiction over those claims. (Doc. 19 at 1, 14 n.12.)

On April 8, 2020, the Court dismissed Axon's complaint without prejudice for lack of subject-matter jurisdiction, denied as moot Axon's motion for a preliminary injunction, and ordered the Clerk of court to enter judgment. (Doc. 41.)  Judgment entered later that

day. (Doc. 42.)

The Ninth Circuit affirmed (Doc. 46), but on April 14, 2023, the Supreme Court reversed, holding that this Court possesses subject-matter jurisdiction over Axon's constitutional claims. (Doc. 53-2.)

On May 22, 2023, the Ninth Circuit remanded this action for further proceedings consistent with the Supreme Court's decision. (Doc. 53.)

As for how to proceed, Axon's motion for a preliminary injunction (Doc. 15) was previously denied as moot due to the Court's determination that it lacked subject-matter jurisdiction. That reason is now void.

However, it appears that the relief sought in that motion is now moot for a different reason, as the FTC issued an order in October 2020 staying further administrative proceedings and, as far as the Court knows, that stay remains in place. *See* https://www.ftc.gov/system/files/documents/cases/d09389_commission_order_staying_hearing.pdf; https://www.ftc.gov/legal-library/browse/cases-proceedings/1810162-axon-enterprise-safariland-matter. Thus, it appears that the next step in this case should be for the FTC to respond to the complaint. If either party disagrees, it may file a motion setting forth its position and the relief sought.

Accordingly,

**IT IS ORDERED** that the FTC shall respond to the complaint by **June 9, 2023**.

Dated this 26th day of May, 2023.

Dominic W. Lanza
United States District Judge

- 2 -