Pamela B. Petersen
Arizona Bar No. 011512
Gayathiri Shanmuganatha
Arizona Bar No. 030745
**AXON ENTERPRISE, INC.**
17800 N. 85th Street
Scottsdale, AZ 85255-9603
Telephone: (623) 326-6016
Facsimile: (480) 905-2027
ppetersen@axon.com
gshanmuganatha@axon.com
Secondary: legal@axon.com

*Attorneys for Plaintiff Axon Enterprise, Inc.*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Axon Enterprise, Inc., | No. 2:20-cv-00014-PHX-DWL |
| Plaintiff, | |
| v. | **JOINT STATUS REPORT** |
| Federal Trade Commission, et al., | |
| Defendants. | |

The Parties file this Joint Status Report pursuant to their Stipulation (Doc. 56) and this Court's June 9, 2023 Order (Doc. 57) staying this matter for 60 days. Based on this Stipulation, on June 9, 2023, FTC Complaint Counsel filed an unopposed motion to withdraw the administrative case (D9389) from adjudication to allow for discussion regarding proper resolution of this matter following the Supreme Court's jurisdictional ruling in Axon's favor and the Ninth Circuit's subsequent remand to this Court. The Commission issued its order withdrawing the matter from Part 3 adjudication on June 20,

2023. The Parties now set forth their respective positions as to how this matter should proceed.

**AXON'S POSITION:**

No progress has been made in resolving either the administrative or federal court cases during the stay and Axon believes there is no basis for further delay. It is Axon's desire to expeditiously advance merits decisions on its constitutional claims. Considering the Parties' prior Stipulation that "preliminary injunction briefing in this Court will not be necessary if this case proceeds on Axon's constitutional claims" (Doc 56, ¶ 4) and that, if applicable, the Parties shall file a "stipulated schedule for pleading amendments and summary judgment briefing (*Id.*, ¶ 3),[1] Axon proposes the following briefing schedule:

1.    Axon shall file its Amended Complaint not later than **August 31, 2023**. To allow its constitutional claims to proceed unimpeded, Axon intends to dismiss, without prejudice, its declaratory judgment action (Doc. 1, Count 3) relating to the lawfulness of the subject acquisition. However, should the FTC thereafter dismiss the administrative case and refile its antitrust claims in federal court, Axon expressly reserves the right to advance the "first-filed doctrine" to require those claims to be decided by this Court. Axon has given the FTC ample opportunity to try the antitrust merits in federal court, where it belongs, which would moot Axon's constitutional claims regarding the FTC's administrative structure. To date, the FTC has refused to engage in this discussion.

---

[1] FTC's counsel has since backed off the Parties' stipulation, stating she wants to see Axon's Amended Complaint prior to agreeing to a summary judgment briefing schedule. Axon's constitutional claims, however, have been on file since January 2020 and have been briefed at both the Ninth Circuit and Supreme Court. There will be no surprises. It is not Axon's intent to expand its claims in the Amended Complaint.

2.      The FTC shall file a response as permitted by Rule 12 not later than **October 10, 2023**.

3.      Axon's constitutional claims regarding the FTC's structure—specifically its Article III / due process combined function claims and Article II removal / separation of power claims—are pure legal issues that do not require discovery and thus may proceed to summary judgment briefing. Axon proposes the following schedule:

   a.   The Parties shall file simultaneous motions for summary judgment, if any, not later than **November 17, 2023**.

   b.   The Parties shall file any opposition to motions for summary judgment not later than **January 10, 2024**.

   c.   The Parties shall file any reply in support of their motions for summary judgment not later than **February 16, 2024**.

**FTC POSITION:**

Plaintiff has represented that it intends to file an amended complaint. *See* ECF No. 56; *see also* supra. Defendants believe that setting a briefing schedule should await the filing of the amended complaint, after which Defendants will be better able to determine what next steps are appropriate and what schedule allows for adequate time to evaluate and address the amended complaint's claims. For example, without seeing the amended complaint, Defendants are unable to determine whether they likely will file an answer instead of a motion to dismiss. And while Defendants have asked Plaintiff to provide details about Plaintiff's planned amendments, Plaintiff has not done so, sharing only vague terms that do not permit Defendants to agree to a briefing schedule at this juncture.

In the ordinary course, a defendant is not asked to commit a litigation strategy before a Complaint is filed. Defendants remain willing to meet and confer with Plaintiff after the amended complaint is filed to discuss a proposed briefing schedule (an offer Plaintiff rejected).

Defendants disagree with Plaintiff's characterization of the parties' discussions during the 60-day pause, which Defendants believe provided for fruitful discussions and consideration of proper next steps following the Supreme Court's decision in this case; disagree with Plaintiff's "first-filed" position; and reserve all rights and arguments going forward.

Accordingly, Defendants respectfully propose the following schedule:

**Not later than August 31, 2023**, Axon shall file its amended complaint.

**Not later than October 10, 2023**, the parties shall meet-and-confer and submit to this Court a briefing schedule for the next steps in this case. Due to scheduling conflicts, the parties agree, if applicable, that this meet-and-confer would be better held in October.

The Parties' respective Proposed Orders are attached.

Dated: August 10, 2023                    Respectfully submitted,

                                          /s/ *Pam Petersen*
                                          Pamela B. Petersen
                                          Arizona Bar No. 011512
                                          Gayathiri Shanmuganatha
                                          Arizona Bar No. 030745
                                          **Axon Enterprise, Inc.**
                                          17800 N. 85th Street
                                          Scottsdale, AZ 85255-9603
                                          Telephone: (623) 326-6016
                                          Facsimile: (480) 905-2027

4

ppetersen@axon.com
gshanmuganatha@axon.com
Secondary: legal@axon.com

*Attorneys for Plaintiff Axon Enterprise, Inc.*

Brian M. Boynton
Principal Deputy Assistant Attorney General

Christopher R. Hall
Assistant Branch Director

*/s/ Hannah Solomon-Strauss (with permission)*
Hannah Solomon-Strauss (NY 5693890)
Trial Attorney
**U.S. Department of Justice**
Civil Division, Federal Programs Branch
P.O. Box No. 883
Ben Franklin Station
Washington, DC 20044
Telephone: (202) 616-8198
Fax: (202) 616-8470
Hannah.m.solomon-strauss@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2023, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's CM/ECF System upon all counsel of record in the above-captioned case.

*/s/ Pam Petersen*
Pamela B. Petersen