# Exhibit A

PUBLIC

**UNITED STATES OF AMERICA**
**BEFORE THE FEDERAL TRADE COMMISSION**

COMMISSIONERS:       Lina M. Khan, Chair
                     Rebecca Kelly Slaughter
                     Alvaro M. Bedoya

---

In the Matter of


Axon Enterprise, Inc.,                              **Docket No. 9389**

a corporation.

---

**ORDER RETURNING MATTER TO ADJUDICATION**
**AND DISMISSING COMPLAINT**

The Commission voted to issue an administrative complaint on January 3, 2020, consistent with the directive that Congress set forth in the FTC Act.[1]  Thereafter, the parties chose to file in federal court a complaint alleging, *inter alia*, that the FTC's administrative adjudication process is constitutionally deficient.  On April 8, 2020, the federal district court dismissed Axon's complaint due to a lack of subject matter jurisdiction.  Axon appealed to the United States Court of Appeals for the Ninth Circuit. In September 2020, Axon filed an Emergency Motion to Stay Administrative Trial with the Ninth Circuit, asking the court to temporarily stay the evidentiary hearing scheduled before this Commission pending consideration of Axon's appeal. In October 2020, the Ninth Circuit granted Axon's motion.  As a result, the administrative adjudication process was stayed.  That federal court challenge resulted in years of litigation going all the way up to the Supreme Court, which rendered a decision on the jurisdictional issue in April 2023.

At this point—nearly four years after this merger challenge was first filed and six years after the deal was consummated—the constitutional challenge has now been remanded to the federal district court in which it began.  In that federal court litigation, Axon has now filed an Amended Complaint raising, yet again, constitutional challenges to the Commission's

---

[1] Congress directed the Commission to enforce the FTC and Clayton Acts through administrative adjudication. 15 U.S.C. §§ 21(b), 45(b). The Commission can also bring a federal court action seeking preliminary relief under Section 13(b) of the FTC Act when necessary to prevent a merger's consummation pending administrative adjudication, and the Commission will sometimes seek to permanently enjoin a merger in federal court under Section 13(b) when it is jointly bringing an action with State law enforcement authorities, *see FTC v. H.J. Heinz Co.*, 246 F.3d 708, 714 (D.C. Cir. 2001), and *St. Alphonsus Med. Center-Nampa Inc. v. St. Luke's Health Sys., Ltd.,* 778 F.3d 775 (9th Cir. 2015)*,* but that was not the case here.

PUBLIC

adjudication process.  The Commission anticipates those challenges will likely result in years of additional litigation, further delaying the administrative adjudication that would reach the merits of the antitrust action here.

Every anticompetitive merger harms markets and adversely affects the American people, and the allegations in the complaint suggest this one is no different. The complaint states that this merger eliminated competition between two rivals, effectively creating a monopoly and harming both police departments and communities who fund them.  As it does with any enforcement action, however, the Commission must constantly evaluate the deployment of its limited agency resources to ensure maximal efficacy and utility.  Here, there are a variety of factors we must consider in pursuit of those priorities, including the increasingly unlikely possibility of reaching a timely resolution of the antitrust merits that led to the filing of our complaint in the first place.

Based on the totality of the circumstances, we have come to the difficult conclusion that the public interest requires that this litigation no longer be continued.

Accordingly,

**IT IS ORDERED THAT** this matter be, and it hereby is, returned to adjudication; and

**IT IS FURTHER ORDERED THAT** the Complaint in this matter be, and it hereby is, **DISMISSED.**

By the Commission.

April J. Tabor
Secretary

SEAL:
ISSUED: 10/06/2023

2